Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, March 31, 2008 3:38:55 PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BEVERLY DIANE BLAND, | ) | CASE NO. 06-1159 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

## MEMORANDUM OPINION

Beverly Diane Bland (the "Debtor"), an unemployed spouse, proposes a Chapter 13 plan that pays $50 a month for sixty months. The plan is funded entirely from contributions from her non-debtor husband. The Debtor's largest unsecured creditor, James Zigmont, argues that the Debtor is not "an individual with regular income," and, therefore, is ineligible for Chapter 13 relief under 11 U.S.C. § 109(e). More specifically, Zigmont asserts that the Debtor's husband is not legally obligated to support the Debtor, he is not obligated on her debts, and he has not sufficiently demonstrated his commitment to making the payments.

"Only an individual with regular income . . . may be a debtor under chapter 13 . . . ." § 109(e). The term "individual with regular income" is defined in § 101(30) as an "[i]ndividual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title . . . .". A debtor's income may come from many sources, and cases have concluded that "income" includes contributions made to a debtor from family members so long as the contributions are stable and regular. *E.g.*, *In re Antoine*, 208 B.R. 17, 20 (Bankr. E.D.N.Y. 1997) (finding that a wife's legal duty to provide spousal support accompanied with her joint liability on a mortgage were sufficient to satisfy § 109(e)); *In re Varian*, 91 B.R. 653, 654 (Bankr. D. Conn. 1988) ("While payments motivated solely by generosity may not be regular income, it has been found that where a family member dedicates income for the purposes of the plan, and is motivated by 'enlightened self-interest and a duty,' the debtor's

1

income is sufficiently regular and stable to confirm the plan.") (citation omitted); *In re Campbell*, 38 B.R. 193, 196 (Bankr. E.D.N.Y. 1984) (finding that a family member jointly liable on a mortgage has a sufficient motivation to satisfy § 109(e)); *In re Cole*, 3 B.R. 346, 349 (Bankr. S.D.W. Va. 1980) ("[A] petitioner need not be a wage earner to qualify for relief under Chapter 13. The test is no longer the nature of the income but rather its stability and regularity.").

In this case, the Debtor testified that her husband is committed to providing her $50 per month to satisfy her obligation under her proposed Chapter 13 plan. In an effort to satisfy her burden of proof, the Debtor submits that the stability and regularity of the contributions are demonstrated by the fact that the Debtor is current on her Chapter 13 plan payments. Indeed, this case was filed on December 14, 2006, and the Debtor appears to have made timely plan payments for over one-year.

Although the Debtor's husband did not testify, the Debtor submitted an affidavit signed by her husband after the May 25, 2007 confirmation hearing. According to the affidavit, the Debtor's husband has a net monthly income of approximately $1,900. On October 11, 2007, the Debtor filed an amended Schedules I and J showing the net income of the Debtor's husband as $2,369.92, and household expenses as $2,319.92, which left $50 per month in disposable income. Thus, it appears as if the Debtor's husband is currently paying all the Debtor's living expenses, and that he has the ability to make the monthly plan contribution on behalf of the Debtor.

Furthermore, the Debtor's husband is jointly liable on some of the unsecured credit card debts subject to being discharged in the Debtor's bankruptcy. After payments for the costs of administration, all payments under the proposed plan will be paid to the Debtor's unsecured creditors. Moreover, the court recognizes that the Debtor's husband has a natural obligation to support his spouse, even if it is not an obligation that is legally enforceable.

Because (1) the Debtor has maintained all her plan payments for over one year, (2) the Debtor's husband has disposable income sufficient to make the monthly contribution to the Debtor, and (3) the Debtor's husband is jointly liable on some of the same debts, the court finds that the contributions of the Debtor's husband to the Chapter 13 plan is sufficiently rooted in his own self-interest and legal duty to qualify the contribution as stable and regular income to the Debtor under the eligibility requirement of 11

U.S.C. § 109(e). *See In re Mullins*, 360 B.R. 493, 501 (Bankr. W.D. Va. 2007) (finding that a debtor is eligible for Chapter 13 when the non-debtor spouse's contributions are motivated by joint liability on a mortgage and have been made regularly since the commencement of the bankruptcy case).

## CONCLUSION

The court finds that the Debtor meets the eligibility requirements under 11 U.S.C. § 109(e) to be a Chapter 13 debtor. The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021 and will take up Zigmont's other objections to confirmation at the April 25, 2008 confirmation hearing.